GEORGE SNOWDEN, BY NEXT FRIEND, ET AL., COMPLAIN-
ANTS, v. KENNETH MARKS ET AL., DEFENDANTS.

Argued May 23, 1935—Decided October 9, 1935.

For the appellant, *Harry Lane.*

For the respondent, *Edward A. Markley.*

PER CURIAM.

The judgment under review herein should be affirmed, for the reasons expressed in the opinion delivered by Chief Justice Brogan in the Supreme Court.

HEHER, J. (Concurring.) Marks and Levine were interior decorators; and it is evident that in the renovation of the interior of this single family dwelling pursuant to their original undertaking with the building and loan association, they were independent contractors, and their negligence was therefore not imputable to the association. But it is insisted that, in the removal of the radiator, work not expressly provided for in the original contract, the radically different relationship of *respondeat superior* existed. I am unable to subscribe to this view.

While the association insists that this work was embraced in the contract, and denies that it gave to the contractor any directions respecting the radiators, the latter maintain that it was not contemplated by the contract, and that when this was called to the attention of the association's agent, Knoeller,

he instructed them to "disconnect" the radiators, and he would be "responsible." Assuming that such instruction was given, I regard it as, in effect, the mere supplementing of the original contract, without any substantial change in the relationship. Knoeller thereby undertook, on behalf of his principal, to authorize the doing of extra work, and to make compensation therefor. The radiator was removed by a workman in the employ of Marks and Levine, at the latter's direction, and he was in no sense under the control of appellant.

But this, in my opinion, does not affect the result; liability is sustainable on another theory. While, ordinarily, the owner of lands who undertakes to do work thereon that is not in itself a nuisance is not liable for an injury which results from the negligence of an independent contractor employed in its execution, unless the owner is in default in employing an unskillful or improper person as the contractor, it is now a firmly established rule in this state that, as to those portions of an apartment property reserved to the landlord for his care, preservation and repair, the landlord owes a non-delegable duty to his general tenants and invitees to maintain them in a reasonably safe condition. *Sarno* v. *Gulf Refining Co.*, 99 *N. J. L.* 340; *affirmed,* 102 *Id.* 223; *Hussey* v. *Long Dock Railroad Co.*, 100 *Id.* 380; 36 *C. J.* 212.

I can see no distinction in principle, in respect of the delegability of the duty to exercise reasonable care for the safety of the tenants, between an apartment house, where there is a reservation of control of the common ways, and the single family dwelling house, where the landlord undertakes the duty of making repairs. It seems to me that the duty to safeguard the tenants is as broad, imperative and positive in the one case as in the other. For obvious reasons, there may be a radical difference in the obligations respecting repairs resting upon the landlord—there may be no obligation in the one case while there is in the other—but when the duty to make repairs arises, or is gratuitously assumed, I am unable to perceive any ground in reason or logic for holding its performance to be non-delegable in the one case and transferable in the other. This distinction does not take into account the

entire absence of substantial difference between the duties owing in the two situations. In their essence and nature they are the same; and, by the same token, call for the same character of performance and degree of care in execution. See collation of cases in 29 *A. L. R.* 763 *et seq.* See, also, 36 *C. J.* 219.

*For affirmance*—THE CHANCELLOR, TRENCHARD, LLOYD, CASE, DONGES, HEHER, PERSKIE, VAN BUSKIRK, HETFIELD, DEAR, WELLS, JJ. 11.

*For reversal*—None.