SALLY WINARSKY, BY ARTHUR WINARSKY, NEXT FRIEND, AND ARTHUR WINARSKY, PLAINTIFFS-APPELLANTS, v. MAX COHEN, DEFENDANT-RESPONDENT.

Submitted January term, 1937—Decided May 15, 1937.

Before BROGAN, CHIEF JUSTICE, and Justices CASE and PERSKIE.

For the plaintiffs-appellants, *Klein & Klein* (*Morris Klein,* of counsel).

For the defendant-respondent, *Lindabury, Depue & Faulks* (*Walter F. Waldau,* of counsel).

PER CURIAM.

This is an appeal from a judgment of nonsuit. The plaintiff, a child about four and one-half years old at the time of the accident, was injured as a result of being struck by an unattached steam radiator, the property of the defendant, which was stored in the yard of the premises in which the plaintiff lived. The radiator struck or fell upon the infant plaintiff.

The testimony discloses that the plaintiff lived with her parents in a four-room apartment, on the second floor, in a house owned by the defendant, at 324 Clinton Place, which is at the corner of Lehigh avenue, in the city of Newark. There are six stores on the ground floor of this building and the building itself extends approximately one hundred and thirty-five to one hundred and forty-five feet along Clinton Place, by about twenty-five feet in depth, along Lehigh avenue. The entrance hallway of the house is located on Clinton Place, approximately in the center of the building. From the rear of this hall an exit leads to the yard. Along the rear wall of the building, in the yard, is a concrete walk, three or four feet in width. There is also an exit from the yard through a wooden gateway, opening on Lehigh avenue. The defendant's plot, exclusive of that part on which the building stands, was enclosed by a fence. In addition to the exit to Lehigh avenue, which we infer was for the convenience of pedestrians, was a large gate, generally kept locked, to admit the trucks of the owner into the yard. Defendant owner maintained a plumbing business in one of the stores at that end of the property farthest from the Lehigh avenue corner, the fifth of the six stores.

The yard, according to the testimony, was filled to a considerable extent with plumbing supplies, radiators and the like. It will serve no useful purpose to recite the testimony in detail. It is sufficient to say that there was no evidence whatever as to how the accident happened other than the statement that it did happen. There is no testimony that the yard space was included as part of the rented premises or that the infant might lawfully go there.

The cases upon which appellant relies are not in point. In *Polizzano* v. *Mapes Holding Co.,* 115 *N. J. L.* 352; 180 *Atl. Rep.* 419, the yard where the plaintiff suffered injury was reserved for the common use of the tenants. See, also, *Burnett* v. *Superior Realty Co.,* 90 *N. J. L.* 660; 162 *Atl. Rep.* 831. In *Snowden* v. *Marks,* 13 *N. J. Mis. R.* 171; 176 *Atl. Rep.* 609; *affirmed,* 115 *N. J. L.* 615; 181 *Atl. Rep.* 526, the plaintiff's injury was received in the hallway, necessarily

reserved for the tenant's use. Compare *Saunders* v. *Smith Realty Co.,* 84 *N. J. L.* 277.

The theory of defendant's liability as outlined in the complaint is that the defendant, by having these plumbing and heating supplies strewn about the yard, was maintaining a nuisance. That argument would require consideration if it appeared that the plaintiff had the right to use the yard, or that section of it in which she was injured.

One more observation concerning the testimony is perhaps pertinent. The apartment in which the plaintiff lived was located on the second floor of the building on the corner formed by the intersection of Clifton Place with Lehigh avenue. The exit into the yard from the hall of the building led immediately to the concrete walk. The accident did not happen on this walk between such exit and the Lehigh avenue gate but at the other end of the yard entirely. From this fact item, *i. e.*, the place where the injury was suffered, it cannot be maintained that there was an implied invitation to use the concrete walk in the yard, as otherwise it might be, if the accident happened between the hall exit to the yard and the Lehigh avenue gate.

Under the circumstances therefore, we see nothing that should have been determined by the jury either on the theory that the defendant, under the proof in the case, owed a duty to the infant as an invitee, because there was no evidence that the use of the yard was included in the leased premises, or upon the theory that the defendant was guilty of negligence since there was no testimony to support that inference.

The judgment of nonsuit is affirmed, with costs.